Christopher Seidman (CS-7816)
Harmon & Seidman LLC
PO Box 3207
Grand Junction, CO 81502
970.245.9075
Fax: 970.245.8086
chris@harmonseidman.com

Maurice Harmon (MH-9419)
Harmon & Seidman LLC
The Pennsville School
533 Walnut Drive
Northampton, PA 18067
610.262.9288
maurice@mauriceharmon.com

*Attorneys for Plaintiff Leping Zha*

**UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA**

---------------------------------------------------------------X
                                                               :
LEPING ZHA,                                                    :
                                                               :
       Plaintiff,                                     :
                                                               :
       v.                                             :
                                                               :
MBL of AMERICA, INC.;                                          :
NEXTSCREEN LLC; and                                            :
SOURCE INTERLINK COMPANIES, INC.;                              :
,                                                              :
                                                               :
       Defendants.                                    :
---------------------------------------------------------------X

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
(jury trial demanded)

Plaintiff Leping Zha ("Plaintiff" or "Zha") for his Complaint against Defendants

MBL of America, Inc. ("MBL"), NextScreen LLC ("NextScreen") and Source Interlink

Companies, Inc., ("Source Interlink") (jointly and severally referred to as "Defendants") alleges:

## STATEMENT OF ACTION

1. This is an action by Zha, holder of all copyrights to a photograph described hereafter, against Defendants for copyright infringement.

## PARTIES

2. Leping Zha is a citizen of the United States, a resident of San Mateo, California, and an accomplished photographer.

3. MBL is a corporation organized under the laws of Arizona, is located in Scottsdale, Arizona, and does business in Arizona.

4. NextScreen is a limited liability corporation organized under the laws of Delaware, with a principal place of business in Austin, Texas. NextScreen is the publisher of *The Absolute Sound* magazine, which is sold throughout the United States, including Arizona.

5. Source Interlink is a corporation organized under the laws of Delaware, with its principal place of business in Bonita Springs, Florida. Source Interlink is the publisher of *Stereophile* magazine, which is sold throughout the United States, including Arizona.

## JURISDICTION AND VENUE

6. This is an action arising under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.* and the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201 *et seq.*

7. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

8. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. § 1400(a).

**FACTS COMMON TO ALL COUNTS**

9. Plaintiff Zha is the owner, creator and exclusive copyright holder of an original color photograph ("the photograph") (exhibit 1), duly registered with the United States Copyright Office on July 1, 2005 as #VAu 000682652.

10. Zha retained all rights to the photograph and did not grant permission or authority for its use by any other person or business entity, including Defendants, at all times material to this action.

11. Upon information and belief, MBL or others acting in concert with MBL, obtained a copy of the photograph and intentionally removed information identifying Zha as its creator. Such information is considered "copyright management information" under the DMCA and intentional removal of it constitutes a violation of the DMCA.

12. Upon information and belief, MBL or others acting in concert with MBL, distributed Zha's photograph knowing that the "copyright management information" had been removed without Plaintiff's authority. These acts constitute a violation of the DMCA.

13. Upon information and belief, MBL or others acting in concert with MBL, distributed Zha's photograph knowing that the "copyright management information" had been removed without Plaintiff's authority, and further, knowing or having reasonable grounds to know, that it would induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under 17 U.S.C. 101 et seq.

14. The photograph, cropped and with copyright management information removed, was combined with other graphic elements and used in an advertisement for MBL's Radialstrahler audio loudspeaker ("the ad") (exhibit 2).

3

15. MBL and NextScreen caused the ad to be printed in *The Absolute Sound* in four consecutive issues beginning in the February/March 2005 magazine.

16. MBL and Source Interlink caused the ad to be printed in *Stereophile* in ten consecutive issues beginning in the April 2005 magazine.

17. MBL, NextScreen and Source Interlink earned profits from their unauthorized use of Zha's photograph.

18. Zha learned of the unauthorized use of his photograph in *Stereophile* in late May 2005.

19. Zha learned of the unauthorized use of his photograph in *The Absolute Sound* in late May 2005.

**COUNT I**
**(COPYRIGHT INFRINGEMENT AGAINST MBL)**

20. Plaintiff repeats and realleges paragraphs 1 through 19 of this complaint with the same force and effect as if set forth in full above.

21. The foregoing unauthorized acts of copying, displaying and utilizing altered copies of the photograph by MBL constitute infringements of Plaintiff's copyrights in the photograph, in violation of 17 U.S.C. § 501 *et. seq.*

22. Plaintiff suffered damages as a result of MBL's unauthorized uses of the photograph.

## COUNT II
## (COPYRIGHT INFRINGEMENT AGAINST NEXTSCREEN)

23. Plaintiff repeats and realleges paragraphs 1 through 22 of this complaint with the same force and effect as if set forth in full above.

24. The foregoing unauthorized acts of copying, displaying and utilizing altered copies of the photograph by NextScreen constitute infringements of Plaintiff's copyrights in the photograph, in violation of 17 U.S.C. § 501 *et. seq.*

25. Plaintiff suffered damages as a result of NextScreen's unauthorized uses of the photograph.

## COUNT III
## (COPYRIGHT INFRINGEMENT AGAINST SOURCE INTERLINK)

26. Plaintiff repeats and realleges paragraphs 1 through 25 of this complaint with the same force and effect as if set forth in full above.

27. The foregoing unauthorized acts of copying, displaying and utilizing altered copies of the photograph by Source Interlink constitute infringements of Plaintiff's copyrights in the photograph, in violation of 17 U.S.C. § 501 *et. seq.*

28. Plaintiff suffered damages as a result of Source Interlink's unauthorized uses of the photograph.

## COUNT IV
## (CONTRIBUTORY COPYRIGHT INFRINGEMENT AGAINST MBL)

29. Plaintiff repeats and realleges paragraphs 1 through 28 of this complaint with the same force and effect as if set forth in full above.

30.     The foregoing acts of MBL in altering and submitting the photograph for publication in *Stereophile* and *The Absolute Sound* caused NextScreen and Source Interlink to unwittingly commit copyright infringement, in violation of 17 U.S.C. § 501, *et. seq.*

31.     MBL is liable for contributory infringement, having knowingly acted to induce, cause or materially contribute to the infringing activities of NextScreen and Source Interlink.

32.     Plaintiff suffered damages as a result of the contributory infringement of MBL.

## COUNT V
### (VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT AGAINST MBL)

33.     Plaintiff repeats and realleges paragraphs 1 through 32 of this complaint with the same force and effect as if set forth in full above.

34.     The foregoing acts of MBL involving the unauthorized, intentional removal of copyright management information from the photograph and its subsequent distribution by publication, knowing such information was removed, and having reasonable grounds to know that such actions would induce, enable, facilitate or conceal a copyright infringement, constitute violations of the DMCA, 17 U.S.C. § 1201 *et. seq.*

35.     Plaintiff suffered damages as a result of MBL's unauthorized removal of copyright management information from, and subsequent distribution of, the photograph.

**WHEREFORE**, Plaintiff requests the following:

1.      An injunction against Defendants and anyone working in concert with them from copying, displaying, distributing, advertising, promoting, selling or offering to sell the photograph or copies thereof, or creating, obtaining and using a substantially similar

photograph in any of the preceding ways and to deliver to the Court for destruction or other appropriate disposition of all materials, including digital files representing the photograph described in this complaint, in the control or possession of Defendants.

2. Actual damages and all profits derived from the unauthorized use of the photograph pursuant to 17 U.S.C. § 504(b) and 17 U.S.C. § 1203(c).

3. Statutory damages.

4. Reasonable attorney's fees, court costs, expert witness fees, interest and all other amounts authorized under applicable state or federal law.

5. For such other and further relief as the Court deems just and proper.

Dated: April 3, 2008

> s/ Christopher Seidman
> Christopher Seidman  #7816
> Harmon & Seidman LLC
> P O Box 3207
> Grand Junction, CO 81502
> (970) 245-9075
> chris@harmonseidman.com
> Attorney for Leping Zha
>
> s/ Maurice Harmon
> Maurice Harmon (MH-9051)
> Harmon & Seidman LLC
> The Pennsville School
> 533 Walnut Drive
> Northampton, PA 18067
> 610.262.9288
> maurice@mauriceharmon.com
> Attorney for Leping Zha

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury of all issues permitted by law.